UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY S. MCGEE,<br><br>Plaintiff,<br><br>v.<br><br>OAKLAND POLICE DEP'T, et al.,<br><br>Defendant(s). | Case No. 24-cv-07044-CRB<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 15) |

I.

Plaintiff Anthony S. McGee, a former federal prisoner currently on supervised release, and a frequent litigant in this court, has filed a pro se Third Amended Complaint (TAC) for damages under 42 U.S.C. § 1983 against numerous local police departments, sheriff's offices and state and federal agencies and officials in connection with their role in forcing him to register as a sex offender pursuant to California Penal Code section 290. The gravamen of McGee's TAC is that his obligation to register ended when he turned 25 years old on March 30, 2002, but defendants unlawfully have continued to enforce and/or facilitate his having to continue to register to this day.

McGee is proceeding in forma pauperis (IFP) under 28 U.S.C. § 1915.

II.

A federal court shall dismiss a case filed IFP at any time if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

III.

This is not McGee's first action in this court challenging in some form his obligation to register as a sex offender pursuant to section 290. See TAC (ECF No. 15) at 6 (listing cases). The issue notably was fully briefed and decided in connection with federal criminal proceedings to

revoke his supervised release in United States v. McGee, 12-cr-00052-EMC (N.D. Cal. filed Jan. 26, 2012), for willful failure to register as a sex offender. The court will take judicial notice of the record in said proceedings.

A.

McGee was convicted in 1994 of committing lewd and lascivious acts upon a child under 14 years of age, in violation of California Penal Code § 288(b). At that time, McGee was 17 years old and was adjudicated as a juvenile. He was sent to the California Youth Authority (CYA) in 1994 and was paroled on November 20, 2000. The sentencing court ordered McGee to register as a sex offender upon release from custody under section 290, which at the time provided that a juvenile offender's duty to register ended at age 25. See Cal. Pen. Code § 290; Stats. 1993, c. 555 (A.B. 191), § 1, eff. Sept. 28, 1993; Stats. 1993, c. 589 (A.B. 2211), § 109; Stats. 1993, c. 595 (A.B. 595), § 8.

In 2012, federal criminal proceedings were initiated against McGee in this court. In 2013, after a jury trial, McGee was found guilty of (1) being a felon in possession of a firearm, 18 U.S.C. § 922(g); (2) possessing methamphetamine with intent to distribute, 21 U.S.C. § 841; and (3) carrying a firearm during and in relation to a drug trafficking offense or possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c). McGee was sentenced to 180 months of imprisonment, plus 5 years of supervised release. In 2021, the court (Chen, J.) granted McGee's motion for compassionate release and re-sentenced him to time served, plus 5 years of supervised release.

In 2023, the government moved for revocation of supervised release because McGee had failed to register as a sex offender. In its August 15, 2023, order addressing the motion, the court (Chen, J.) recognized that under the law in effect at the time of McGee's juvenile adjudication in 1994, which gave rise to his obligation to register, "his obligation to register would have terminated when he turned 25 years old on March 30, 2002." United States v. McGee, No. 12-cr-00052-EMC, ECF No. 258 at 4. But beginning in 1995, changes were made in the relevant state laws that included removal of

2

>the provision ending a juvenile offender's duty to register at age 25. This occurred less than four months after Mr. McGee's juvenile adjudication and more than five years before his parole from CYA custody. After this amendment, the text of § 290 controlled the registration of juvenile offenders until Cal. Penal Code § 290.008 went into effect in 2007. This section was further amended in 2017 through the Sex Offender Registration Act. [That] act went into full effect on January 1, 2021.

Id. at 4-5 (citations omitted).

The court then noted that, under the governing law, McGee was required to register for 10 years (given the nature of his sex offense) after his release from CYA custody. Because he was released from CYA custody in November 2000, that ordinarily would have meant the registration requirement would end in November 2010. But the governing law also provided for tolling of the 10-year registration requirement during periods where the individual subject to the registration requirement was incarcerated. McGee was incarcerated (as an adult) after his release from CYA custody for more than 16 years – approximately six and a half years from May 20, 2004, to December 9, 2010, and approximately nine and a half years from November 18, 2011, to April 26, 2021. Therefore, "it [was] the tolling . . . during periods of incarceration that extend[ed] Mr. McGee's requirement to at least November 20, 2026." Id. at 5.

The court therefore rejected McGee's position that he was not required to register as a sex offender under California law.[1] But it denied the government's motion to revoke supervised release because it found that McGee did not willfully fail to register. The court made clear that "Mr. McGee is now on notice of his obligation to register until at least November 2026." Id. at 8.

In June 2024, approximately 10 months after the court advised McGee that he had to register until at least November 2026, a federal probation officer again charged him with violations of the terms of his supervised release, including failure to register as a sex offender. The court (Chen, J.) held an evidentiary hearing and concluded that McGee had violated the terms of his supervised release by failing to register as a sex offender (a crime under state law) and failing to report for a mental health counseling session. In September 2024, the court revoked

---

[1] The court also rejected McGee's claim that the extension of his registration requirement violates the Ex Post Facto Clause. See United States v. McGee, No. 12-cr-00052-EMC, ECF No. 258 at 5-7 (finding that law change was not "so punitive in either purpose or effect" as to override legislature's intent to create nonpunitive civil requirement).

McGee's supervised release and sentenced him 12 months, plus 1 day, of incarceration, with an additional 2 years of supervised release. McGee appealed.

B.

While the appeal was pending, McGee filed a motion for reconsideration of the court's September 2024, order revoking his supervised release and imposing a new sentence, and a motion for an indicative ruling on the motion to reconsider pursuant to Federal Rule of Criminal Procedure 37.

On April 28, 2025, the court (Chen, J.) denied the motion for reconsideration as untimely and denied the motion for an indicative ruling as unwarranted. It added that even if the motion for reconsideration was timely, it would be denied on the merits. The court specifically rejected McGee's repeated challenges to his obligation to register until at least November 2026 as follows:

> 1. Registration Requirement
>
> Mr. McGee argues that the Court erred in revoking his supervised release because he was not, in fact, required to register as a sex offender. The Court does not agree.
>
> The California Sex Offender Registration Act provides the relevant law on registration requirements. *See* Cal. Pen. Code § 290(a) ("Sections 290 to 290.024, inclusive, shall be known, and may be cited, as the Sex Offender Registration Act. All references to "the Act" in those sections are to the Sex Offender Registration Act."). The first provision of the Act can be found at § 290. Section 290(f) states that "[t]his section does not require a ward of the juvenile court to register under the Act, except as provided in Section 290.008." *Id.* § 290(f).
>
> Section 290.008(a), in turn, states as follows:
>
>> Any person who, on or after January 1, 1986, is discharged or paroled from the Department of Corrections and Rehabilitation to the custody of which they were committed after having been adjudicated a ward of the juvenile court pursuant to Section 602 of the Welfare and Institutions Code because of the commission or attempted commission of any offense described in subdivision (c) shall register in accordance with the Act unless the duty to register is terminated pursuant to Section 290.5 or as otherwise provided by law.
>
> Cal. Pen. Code § 290.008(a). Section 290.008(c) states that "[a]ny person described in this section who committed an offense in violation of [*inter alia* § 288] shall be required to register pursuant to

the Act." *Id.* § 290.008(c). As noted above, Mr. McGee was found to have violated § 288 during proceedings in juvenile court.

According to Mr. McGee, § 290.008 does not impose on him a requirement to register because § 290.008(a) requires registration only if a person is "discharged or paroled from the Department of Corrections and Rehabilitation," *id.* § 290.008(a), and he was released from the custody of the California Youth Authority ("CYA"). Mr. McGee maintains that the Department of Corrections and Rehabilitation is distinct from and does not include the CYA, citing in support California Penal Code § 5000, which states that "[a]ny reference to the Department of Corrections in this or any other code refers to the Department of Corrections and Rehabilitation, Division of Adult Operations." *Id.* § 5000(a) (emphasis added).

The Court rejects Mr. McGee's argument for several reasons. First, he glosses over the fact that § 5000 references only "the Department of Corrections," whereas § 290.008 refers to "the Department of Corrections and Rehabilitation." This semantic difference is material. In 2005, the Department of Corrections and Rehabilitation was restructured to include additional departments under its umbrella, and laws were updated to reflect the change. Through restructuring, the CYA essentially became the Division of Juvenile Justice ("DJJ") and was housed within the Department of Corrections and Rehabilitation. *See In re Jose T.*, 191 Cal. App. 4th 1142, 1145 n.1 (2010) ("Effective July 1, 2005, the correctional agency formerly known as the California Youth Authority (CYA) became known as the Division of Juvenile Facilities (DJF). DJF is part of the Division of Juvenile Justice, which in turn is part of the Department of Corrections and Rehabilitation."). Thus, *e.g.*, California Government Code § 12838 specifies: "The Department of Corrections *and Rehabilitation* shall consist of Adult Operations, Adult Programs, Health Care Services, *Juvenile Justice*, the Board of Parole Hearings, the Board of Juvenile Hearings, the State Commission on Juvenile Justice, the Prison Industry Authority, and the Prison Industry Board." Cal. Gov. Code § 12838 (emphasis added). *See also People v. I.B.*, 104 Cal. App. 5th 702, 708 (2024) ("The registration requirements under section 290.008 apply only to a minor committed to and either discharged or paroled from the DJJ."). Accordingly, when § 290.008(a) refers to the Department of Corrections *and Rehabilitation*, it is including release from the CYA (or rather, the equivalent of the CYA which is the Division of Juvenile Justice).

Second, the above interpretation of § 290.008(a) is consistent with its predecessor statute which provided as follows: "Any person who, on or after January 1, 1986, is discharged or paroled from *the Department of the Youth Authority* to the custody of which he or she was committed after having been adjudicated a ward of the court . . . because of the commission or attempted commission of the offenses described in paragraph (3) shall be subject to registration under the procedures of this section." Cal. Pen. Code § 290(d)(1) (1994) (emphasis added). Mr. McGee has pointed to no authority suggesting that, when § 290.008(a) was enacted, the California legislature intended to depart from a registration requirement for persons released from the CYA or its equivalent.

5

Third, Mr. McGee ignores other provisions in § 290.008 that shed light on what the legislature meant when it referred to a discharge or parole from "the Department of Corrections and Rehabilitation." Specifically, § 290.008(a) should be examined in conjunction with § 290.008(b).

> (a) Any person who, on or after January 1, 1986, is discharged or paroled from **the Department of Corrections and Rehabilitation** to the custody of which they were committed after having been adjudicated a ward of the juvenile court pursuant to Section 602 of the Welfare and Institutions Code because of the commission or attempted commission of any offense described in subdivision (c) shall register in accordance with the Act unless the duty to register is terminated pursuant to Section 290.5 or as otherwise provided by law.
>
> (b) Any person who is discharged or paroled from **a facility in another state that is equivalent to the Division of Juvenile Justice**, to the custody of which they were committed because of an offense which, if committed or attempted in this state, would have been punishable as one or more of the offenses described in subdivision (c) shall register in accordance with the Act.

Cal. Pen. Code § 290.008(a)-(b) (emphasis added). By referring to the "equivalent to the Division of Juvenile Justice" in § 290.008(b), it is clear that the Division of Juvenile Justice is encompassed in "the Department of Corrections and Rehabilitation" referred to in § 290.008(a). Indeed, it would make no sense for the legislature to impose a registration requirement on persons discharged or paroled from a non-California facility that is equivalent to the Division of Juvenile Justice, but not a registration requirement on persons discharged or paroled from the Division of Juvenile Justice (or the CYA as it existed before the restructuring in 2005). *See People v. Cooper*, 54 Cal. App. 5th 106, 115 (2020) ("Because [a] statute is passed as a whole and not in parts or sections[,] . . . each part or section should be construed in connection with every other part or section so as to produce a harmonious whole, and we therefore interpret subdivision (c) in light of section 1170.95's other subdivisions.") (internal quotation marks omitted).

Fourth, to the extent Mr. McGee suggests it was impossible for him to have been released from the Department of Corrections and Rehabilitation because that entity did not formally exist at the time he was released from CYA custody, that argument lacks merit. As the government argues, it is highly unlikely that "the California legislature somehow meant to exclude large numbers of sex offenders from the registry simply by updating the name of its juvenile justice program." Opp'n at 12.

Finally, the statute that Mr. McGee cites in his supplemental brief, *see* Cal. Wel. & Instit. Code § 731(a), does not establish that § 290.008(a) requires a release from the Division of Adult Operations and does not include a release from the Division of Juvenile Justice (or CYA). Section 731(a) provides as follows:

6

> If a minor is adjudged a ward of the court on the grounds that the minor is a person described by Section 602, the court may commit the ward to the Department of Corrections and Rehabilitation, Division of Juvenile Justice if the ward has committed an offense described in . . . subdivision (c) of Section 290.008 of the Penal Code, and has been the subject of a motion filed to transfer the ward to the jurisdiction of the criminal court as provided in subdivision (c) of Section 736.5 and is not otherwise ineligible for commitment to the division under Section 733.

Cal. Wel. & Instit. Code § 731(a). That § 731(a) refers specifically to the Division of Juvenile Justice does not mean that a reference to the "Department of Corrections *and Rehabilitation*" in § 290.008(a) does not include the Division of Juvenile Justice (or CYA). The language of the latter statute indicates that it does.

2.  Tolling

Mr. McGee contends that, even if he was required to register under § 290.008, he only had to register for 10 years – *i.e.*, the registration requirement should have ended in November 2010. In its prior order, the Court acknowledged that, ordinarily, that would have been the case, but the governing law provides for tolling of the 10-year registration period during periods when the individual subject to the registration requirement was incarcerated. *See* Docket No. 258 (Order at 5) (stating that "it is the tolling . . during periods of incarceration that extend[ed] Mr. McGee's requirement" to at least November 2026). There is no dispute that Mr. McGee has been incarcerated as an adult during the relevant time period.

The tolling provision at issue is found in § 290 of the California Sex Offender Registration Act. *See* Cal. Pen. Code § 290(e) ("The minimum time for the completion of the required registration period for a designated tier is tolled during any period of subsequent incarceration, placement, or commitment, including any subsequent civil commitment, except that arrests not resulting in conviction, adjudication, or revocation of probation or parole shall not toll the required registration period."). Section 290.008 itself does not contain a tolling provision. According to Mr. McGee, because § 290.008 does not have a tolling provision, and a juvenile is required to register under this section only and not § 290, the Court erred in "importing" the tolling provision from § 290.

Mr. McGee's assertion lacks merit. Both § 290 and § 290.008 are part of the California Sex Offender Registration Act. *See* Cal. Pen. Code § 290(a) ("Sections 290 to 290.024, inclusive, shall be known, and may be cited, as the Sex Offender Registration Act. All references to "the Act" in those sections are to the Sex Offender Registration Act."). Section 290.008 provides that a person "discharged or paroled . . . after having been adjudicated a ward of the juvenile court . . . shall register in accordance with the Act . . . ." *Id.* § 290.008(a). Since § 290 is part of the Act, the tolling provision in § 290(e) applies even where the registration requirement arises in the first instance from § 290.008. *See* Opp'n at 12 ("'The Act' . . . refers to the entirety of the statutory scheme enacted, including the tolling provisions of § 290,

7

and not just one particular section of that Act as McGee would have it.").[FN]

> [FN] To be sure, § 290(f) also states that "[t]his section does not require a ward of the juvenile court to register under the Act, except as provided in Section 290.008." *Id.* § 290(f). But § 290.008 nevertheless incorporates by reference § 290.

Moreover, the absence of a tolling provision in § 290.008 is not conclusive. *Cf. Burns v. United States*, 501 U.S. 129, 136 (1991) (noting that, "[i]n some cases, Congress intends silence to rule out a particular statutory application, while in others Congress' silence signifies merely an expectation that nothing more need be said in order to effectuate the relevant legislative objective"). It appears that the legislative intent behind the 2017 changes to § 290 and § 290.008 – which included the addition of the tolling provision in § 290(e) – was to establish and differentiate registry tiering for adults and juveniles. *See* Cal. Senate Bill 384, Enrolled Bill Report at 1 (Sept. 8, 2017) ("Senate Bill (SB) 384 recasts, effective January 1, 2021, the California sex offender registry into a three-tiered registration system for periods of 10 years, 20 years, or life for a conviction in adult court of specified sex offenses, and 5 years or 10 years for an adjudication as a ward of the juvenile court for specified sex offenses."). Nothing in the legislative history suggests that the legislature intended to have tolling apply solely to adults, and not juveniles. Indeed, that tolling for juveniles was a part of the scheme is implicit in the language of § 290.008 which provides that "[a] tier one juvenile offender is subject to registration for a minimum of five years" and that "[a] tier two juvenile offender is subject to registration for a minimum of 10 years." Cal. Pen. Code § 290.008(d)(1)-(2) (emphasis added). It is also notable that § 290.008 refers to individuals who were "committed" to the Department of Corrections and Rehabilitation after being adjudicated a ward of the juvenile court, *id.* § 290.008(a), and § 290(e) – which contains the tolling provision – begins with the statement that "[t]he minimum time for the completion of the required registration period in tier one or two commences on the date of release from incarceration, placement, *or commitment*, including any related civil commitment on the registerable offense" *Id.* § 290(e) (emphasis added). The fact that § 290(e) refers to "commitment" and that § 290.008 concerns commitment to the Division of Juvenile Justice suggests that tolling does apply to § 290.008.

Accordingly, the Court concludes, as it did before, that the tolling provision found in § 290 applies even where the registration requirement arises in the first instance from § 290.008. The Court rejects Mr. McGee's contentions that the rule of lenity or void-for-vagueness doctrine applies to the case at bar.

United States v. McGee, No. 12-cr-00052-EMC, ECF No. 332 at 9-14.[2]

---

[2] The court also again rejected McGee's renewed claim that subjecting him to the current California Sex Offender Registration Act would violate the Ex Post Facto Clause. See United States v. McGee, No. 12-cr-00052-EMC, ECF No. 332 at 14-17.

8

IV.

McGee claims that defendants have violated his federal right to due process by unlawfully continuing to enforce and/or facilitate his having to register as a sex offender pursuant to California Penal Code section 290 after his obligation to register ended when he turned 25 years old on March 30, 2002. But McGee's due process claim hinges on his contention that his obligation to register ended on March 30, 2002, and that contention is without merit.

After careful review of the relevant state law and Judge Chen's thorough analysis of McGee's challenges to his obligation to register pursuant to section 290 in United States v. McGee, 12-cr-00052-EMC, the court finds that McGee's obligation to register did not end when he turned 25 years old on March 30, 2002. Under the applicable governing state law, McGee was required to register for 10 years after his release from CYA custody in November 2000, not including any time spend in custody, with no automatic termination of the obligation to register at age 25. See Cal. Pen. Code § 290.008(d)(2); § 290(e). Because McGee was incarcerated (as an adult) after his release from CYA custody for more than 16 years – approximately six and a half years from May 20, 2004, to December 9, 2010, and approximately nine and a half years from November 18, 2011, to April 26, 2021 – tolling extended his obligation to register pursuant to section 290 until at least November 20, 2026. McGee's contention that defendants have unlawfully enforced and/or facilitated his having to register because his obligation to register ended on March 30, 2002, is without merit and consequently fails to state a claim under § 1983 for violation of his right to due process. McGee is lawfully required to register under section 290 until a least November 20, 2026.

McGee's contention that defendants have also violated his federal right to due process by failing to destroy all records relating to his obligation to register when he turned 25 years old on March 30, 2022, despite his asking them to do so, also is without merit. In 1994, when McGee was found to have violated section 288 during proceedings in juvenile court and was sent to CYA and ordered to register as a sex offender upon release from custody under section 290, California law provided that "[a]ll records specifically relating to the registration in the custody of the Department of Justice, law enforcement agencies, and other agencies or public officials shall be

destroyed when the person who is required to register attains the age of 25 years or has his or her records sealed under the procedures set forth in Section 781 of the Welfare and Institutions Code." Cal. Pen. Code § 290(d)(6) (1994). But the current registration scheme eliminates the automatic destruction of registration records at age 25 and leaves open only the avenue of destruction of registration records if "the person who is required to register has their records sealed under the procedures set forth in Section 781 of the Welfare and Institutions Code." Cal. Pen. Code § 290.008(f). McGee's due process claim fails because defendants are no longer required to destroy registration records when the person who is required to register turns 25 years of age. The burden now is on McGee to meet the requirements for sealing under § 781 and that change cannot be said to be so punitive in either purpose or effect as to violate ex post facto principles. Accord United States v. McGee, No. 12-cr-00052-EMC, ECF No. 332 at 16-17 (rejecting McGee's claim that eliminating automatic destruction of registration records at age 25 violates Ex Post Facto Clause).

V.

For the foregoing reasons, the TAC is DISMISSED under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. No further leave to amend is in order.

The clerk is instructed to close the case and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: June 20, 2025

CHARLES R. BREYER
United States District Judge